Good morning ladies and gentlemen. Our first case for argument this morning is the Philipsborn Trust v. Avon Capital. Mr. Haddock. May it please the Court, Counsel. My name is Kelly Haddock. I represent Avon Capital, LLC and Mr. Donald Trudeau in this particular case. There's three issues before the Court this morning, two that relate directly to Mr. Donald Trudeau. Those specifically being, Your Honor, dealing with... It seems that the parties in this case have lots of members, and the members have members, and the members' members have members, and so on, all the way down. I've looked carefully at the briefs and can't find a complete listing of all the members of Gristmill Holdings, LLC. The briefs tell us that the members include certain other entities, but they don't include is not complete. And then as for Financial Life Services, LLCs, the parties don't tell us any of the members or any of the members' citizenships. The parties tell us its principal place of business, as if it were a corporation, but it's a limited liability company. On the submissions so far, we would have no choice but to dismiss this litigation for lack of subject matter jurisdiction. Can these submissions be repaired in a way that shows jurisdiction? I would certainly ask for leave of court to submit... We certainly will allow you to. And I... But this should have been done long ago. And I completely understand, Your Honor, with respect to the number of members that exist with respect to the various limited liabilities in this particular case, as you can see by the lengthy recitation and the jurisdiction statement. Oh, I appreciate the lengthy recitation. It's just not lengthy enough. And with respect to Financial Life Services, I'm certainly willing to work with them and deal with that particular issue. The issue with Financial Life Services is they were dismissed from this case and did not participate in the trial. That doesn't matter. We need to know. And, yes, we need to know all of these details as of the day the case came to federal court, not as of today. Fully understand, Your Honor. So we will give the parties a week to file supplemental statements showing subject matter jurisdiction. But unless these holes can be patched, the outcome is foreordained.  Thank you, Your Honor. Now we can address the merits. Very good. Back to the two issues with respect to Mr. Trudeau. The first and the main issue relates to a jury instruction that defined or related to the active participant exception to the general rule that agents of disclosed principles are not personally liable on contracts. Now, the specific jury instruction all the way through this particular case related to the Merrill decision, which is discussed at length in the briefs. And I love this case because it's a great exercise of kind of the legal and the tripartite relationship that exists. So just to briefly go through that particular case and why it does not apply to the facts of this particular case, and also why that jury instruction was prejudicial to Mr. Trudeau in this particular case. We look closely at the Merrill decision. First, it's a decision relating to a sua sponte dismissal of a case. That's a little different than this particular matter. But more importantly, if we look at the tripartite relationship that exists, in Merrill we had housing and urban development. That was owner of some properties. They then contracted with a managing agent to manage these particular properties for tenants. The tenants are the third party to this particular case. There was a statutory duty that any security deposits that were deposited by the tenants had to incur interest. That interest had to be then paid to the tenants. So what happened in this case was HUD contracts the managing agents, and the tenants still sit out there as the third party. That duty then, under the statutes, is delegated to the managing agents to make sure that interest is paid. Interest doesn't get paid. So these tenants out here are saying, what is my remedy now? They sue both parties. And ultimately, the Seventh Circuit relies on this active participant exception to say that it is possible to hold these managing agents liable. Perhaps I need to ask this question of your opponent, but I wonder why either of you is giving much space to that case, given that it is a question of Illinois law, and no federal decision is authoritative on a question of Illinois law. Don't we need to focus on what the Illinois courts are saying, rather than what the Seventh Circuit may have said 30 years ago? Well, I think that's true, Your Honor. Certainly, and we've cited those cases as well with respect to what Illinois law says on that particular subject, and specifically that this Well, then I wish you'd discuss what Illinois is saying about Illinois law, because that's what matters. That's great. And I think, Your Honor, to address your question, why Merrill was so important, is if we go back in the history of this case, is the district court relied on Merrill solely to deny a motion to dismiss, relied on Merrill solely to deny a motion for summary judgment, and relied on Merrill with respect to reconsideration motions when, in fact, we specifically were saying Merrill just does not apply. The district court also, during the jury trial, relied specifically on Merrill. Yes, I know. I wish you would discuss Illinois law. Well, if we get into Illinois law, that deals with the Landau case, the Grover case, the Gateway case, Your Honor, and those cases all, if we look closely at them, when they're talking about if this exception applies, it does not apply in a situation where there's a contract. And why that is important, Your Honor, I think we just got to put it into the real world. Indeed, I was recently sitting down with So let me ask you this. So is it your view that Merrill has been overruled or just isn't applicable to contract law? What's your bottom line? Yes, I don't On the later cases that came out in Illinois. I don't believe Merrill has been overruled. I think Merrill is still good law as we apply it to the facts of Merrill. When you have a statutory duty that's delegated to a party and then that duty is breached, there's potential for liability under a contract in that situation, which is not what we have in our particular case, Your Honor. We have the trust enters into a contract with Avon Capital for the sale of three insurance policies. How Donald Trudeau gets brought in this case is because he's a member or manager of Avon Capital, not because there's any delegated duty, not because there's any contract between Donald Trudeau and Avon, which is much different from the Merrill case when you have a contract between HUD and the managing agent to perform that statutory duty. And if we put that into the real world, as I was going back and my firm was looking at executing a lease, I pulled out the jury instruction that was provided in this particular case, and I looked at it and said, boy, if we sign this lease on behalf of our entity firm and then there's a nonpayment, whoever signs that lease could potentially be brought in to a lawsuit if they took an active part in not paying that lease payment or if they breached it in some other way. And that just leads to the absurdity that this particular jury instruction would lead to within Illinois and under any type of Illinois contractual case where a member or manager of a limited liability company or some other corporate representative of an entity executes a contract and later that contract is breached. I certainly can see lawyers are very creative. Lawyers want to find and do everything they could to put pressure on people. Certainly I believe that you would see a ton of cases that would be coming through using this particular alleged exception to try to hold individuals personally liable when the parties specifically know that they're dealing with an entity, which is the case that we have here. So if we go back and specifically look at Illinois and why they don't apply in these contractual cases, that's specifically why. If the trust in this particular case wanted to contract with Donald Trudeau, they had every opportunity to do so. They didn't. All they rely on, Your Honors, to try to inject Mr. Trudeau as a personal defendant in this case is because he provided some references after they asked for them. You say that's all they rely on, but at least one of the Philip Morrons testified that Trudeau described himself as a party to the deal. Why isn't that evidence in support of the verdict? That is evidence in support of the verdict, Your Honor. This would be a lot clearer if this were a written contract, wouldn't it? It would be a lot clearer for a whole bunch of variety of reasons in this particular case. But given that testimony, it looks like there's evidence to support the verdict. That just leaves you complaining about the jury instructions. Well, certainly the jury instructions, Your Honor, but I don't think it's that simple in terms of them just coming out with the ultimate conclusion. We argued strenuously, but where's the offer from Mr. Trudeau? Where is it? It's absent. Did you ask the district judge to ask the jury for specific findings rather than a general verdict? The parties agreed, and that's in the record, on the verdict form that existed, Your Honor. Okay, so you agreed on a general verdict. That's correct. Well, then all you need to support the verdict is any evidence that a reasonable jury could find. The jury instruction issued to one side. But with respect to the ultimate conclusion that the testimony related to, Your Honor, we still need to find some evidence that there was an offer. And in this, from Mr. Trudeau, and where is it? I've asked for it. The district court certainly didn't recite it with respect to its written decision on the renewed motion for the directed verdict that we brought. There is no such thing as a directed verdict in federal practice.  Understood, Your Honor. I don't understand why lawyers refer to something that doesn't exist. So back to the jury instruction and why that was so prejudicial to Mr. Trudeau. When you have a jury instruction that is read to the jury, which is on page 307 of the trial transcript under the jury charge, that says the trust must prove that Donald Trudeau, as agent of Avon Capital, took an active part in violating some duty Avon Capital owed to the trust. That's what the jury was charged with. We objected to that strenuously, Your Honor. And then the court says, two, the court has already found that Avon Capital LLC's breach of contract damaged the trust. And then the court goes on to say on page 308, a manager of a limited liability company is an agent. Donald Trudeau was a manager of Avon Capital, and therefore it's agent. We submit, Your Honor, that once the jury read that instruction, the case was over for Mr. Trudeau. He was the only party that negotiated this particular deal for Avon Capital. The trust knew that. The trust had all the communications, not the actual party that had authority for the trust, but others had all the communications and only the communications with Mr. Trudeau. So once that jury instruction was read, it literally took it out of the hands of the jury at that point in time. There was nothing left for the jury to decide. Of course, Mr. Trudeau was the only witness we could put on. He was the only witness with respect to Avon Capital because he was the only party that did anything. So if there is a breach then, as the court had already determined on summary judgment by Avon, who else was there going to be that took an active part in it? Which is why that particular instruction was so prejudicial to my client. We could have simply read that to the jury without even hearing any testimony, and I think they would have had to come back with the finding that Mr. Trudeau was liable. And that's why it's so prejudicial to Mr. Trudeau. Even with respect to when we get to the verdict form then, we don't know which, how the jury decided. Was it on this active part exception or was it? Yeah, well, we've been through this. You didn't ask for findings. You got a general verdict. That's the nature of the general verdict. We don't know what they found. That's right, which is specifically why we're asking for a reversal as well on a reduced motion, Your Honor. Back to the absurdity that results from this particular jury instruction. I went through it in my mind many, many times. I've read the Merrill decision a couple hundred times, which is why I love that great exercise. And it's not a long case. But I see my white light is on. I'll reserve the rest of my time for rebuttal. Okay. Mr. Moynihan. Good morning, and please support counsel. I'll jump right to Your Honor's question, because I agree that's the most critical aspect of this appeal. What does the Illinois court say about the- The most critical aspect of any appeal is subject matter jurisdiction. Do you have anything to say about Gristmill Holdings or Financial Life Services, LLC? Your Honor, it is my understanding from the evidence that we have that all of the members of Gristmill Holdings are Connecticut-based. All of the plaintiffs and the beneficiaries and the trustee are Illinois-based. I apologize that we did not make that clear in submissions to this court and appreciate the opportunity to do so. Okay. Well, yes, I will be looking forward to responses from both sides within seven days. Thank you, sir. Okay. Anyway, now you can tell me what Illinois is saying. Okay. So the starting point is the Landau Supreme Court decision and the Grover decision. And despite the arguments, Grover unequivocally says, the Illinois, the first district in Grover unequivocally said, the analysis that an agent can be liable for its principal's contract if they took an active part in breaching a duty, that it applies to a contract is crystal clear in Grover. We acknowledge and we cite in our brief the Gateway Erectors case, which was decided during the same year as Seventh Circuit decided Merrill. And in that case, unequivocally as we acknowledge, that first district court said, nope, that issue is wrongly decided in Grover. And we acknowledge that. And if that's where we stopped, there would be a good argument that the Seventh Circuit's decision in Merrill needs to be reconsidered based on that change of law. However, what counsel failed to do in his opening brief, failed to do in his reply, and failed to do in an argument, is address the three cases subsequent to Gateway Erectors that say, no, an agent is responsible under Illinois law. It is well settled under Illinois law that where an agent takes an active part in breaching a duty of the principal. And the three cases. Okay, so suppose a corporate president says, we've made a contract to deliver a ton of kumquats on the 1st of May. Corporate president says, we're not going to deliver on the 1st of May, but we are followers of Oliver Wendell Holmes. The duty under a contract is to keep your promise or pay damages. So the corporate president says, we're not going to deliver on the 1st of May, but we stand ready to pay damages for non-delivered. Is the corporate president personally liable for those damages? If the factors would go to the breach in the duty of good faith and fair dealing, yes, under Illinois law. No, for breach of contract. They agreed to deliver a ton of kumquats on the 1st of May, and the corporate president says, we're not going to deliver the kumquats. All we're going to deliver is damages. Is the corporate president personally liable? I looked for cases in Illinois law saying that the president was personally liable under circumstances like that. There are none. So why would a corporate agent who decides not to keep a contract be personally liable? That's the paradigm case I've just given you. Well, Your Honor, I think under the Illinois law that we're talking about, it specifically is going to breaching, taking an active part in breaching the duty. The corporate president always decides what the corporation is going to do. CEO says, we're not delivering the kumquats. Are there any cases in Illinois that even hint that the corporate president is liable personally for breach of contract? For breach of contract? Yeah. I don't know. When it's a breach of the good faith and fair dealing, 100% yes. That is a rule for interpreting contracts. We are dealing with a contract case here. Are there any? I mean, I looked. I couldn't find any. Did you find any? Yes, Your Honor. Cummings Food v. Great Central Insurance Company, 108 Dillap, 3rd, 250, from the 4th District in 1982. Now, is it that exact fact pattern? Do you think that would hold the corporate president liable personally? It held the agent of the company liable personally because the agent breached the company's duty of good faith and fair dealing. He took an active part. Look, I wish you'd stop talking about the duty of good faith and fair dealing. It is one of the doctrines involved in interpreting contracts. It's no different from any other contract law doctrine. Right? Any case? I mean, we'll go and look at the case you just cited. Your Honor, I But it would be a revelation if every time a company breaches a contract, whoever within the company decided to breach the contract is personally liable. It would lead to thousands of cases, and I'm just not finding them. Your Honor, the reason I keep going to good faith and fair dealing is that you asked us what do the Illinois courts hold, and two different Illinois district or appellate courts held explicitly where the agent's conduct is an active part in breaching the good faith and fair dealing. That's why I keep going to it, because those are the cases. That's the Illinois law we're applying, and that's the Illinois law that is consistent with the Seventh Circuit's merrill decision. As to Your Honor's concern and the counsel's concern, and I understand. I do transactional work as well, and I understand the statement of the absurdity. But step back for a second. The merrill case was 36 years ago. The Grover case was before that. The Cummings case and the Belmer case were 35 years ago. The additional case from the first district in 2006. And where are the thousands of cases carrying out this principle if it actually is a principle of Illinois law? The tens of thousands of cases carrying it out. Contracts are broken in Illinois every day, but we don't find corporate presidents, CEOs, CFOs being held personally liable. And I would posit that that's because it has to go to conduct that would support a breach of good faith and fair dealing, which here we don't have the president of the company just deciding not to pay. We have him lying to the other side during the contract. You transfer the assets to FLS. We're going to pay you after that transfer is complete. When Mr. Trudeau said that, he knew 100%. The evidence comes in. He knew FLS wasn't going to pay. No, that's a different theory. That's the theory of fraud. That's not breach of contract. It's fraud. If you make a promise knowing you're not going to perform, then it's fraud. But the jury wasn't told to find fraud, and I gather it did not. Fraud was not an element that was described to the jury. Exactly. And there we are. We have a breach of contract case. We do not have a fraud case. This might have been pleaded and tried as a fraud case, but it wasn't. Your Honor, the factors that I'm going to go to, this isn't a simple case of a president saying we're unable to pay. Whether that would be a duty that would suffice under what I'll refer to as the Merrill analysis, I don't know because that's not the case I have. The case I have is the person who was found liable, the jury heard, lied to them. He lied about being a member of Avon. He lied about being a manager. He told them he was a party to the contract. We don't know whether he told anybody that he was a party to the contract because the jury returned a general verdict. If we knew that he had said that, this would be an easy appeal. But the parties didn't ask for specific verdicts. We do know that Tom Phillipsborn testified that that's what he was told. We don't know if that's what the jury found against Mr. Trudeau on. That's the issue, and I understand what Your Honor is saying. The fact that there's not thousands of cases means that this isn't a decision that is impacting thousands of cases. It's impacting a limited number where, as the Fourth District has said twice, it's where the duty of good faith. In this case, the duty of good faith was in a jury instruction, and that is what was argued to the jury. There's no argument about the instruction on the duty of good faith and fair dealing, and that was what was argued by both parties as the duty. In the oral argument, on the plaintiff's closing argument, it was 264 to 266, and the defendant's was 283. That is explicitly what was argued, and the factors as to why Mr. Trudeau breached the duty of good faith and fair dealing, those were the factors that were laid out to the jury and why we believe that they said yes, and that's why it would be limited to that situation. Your Honor raises a good question as to just a general breach. I don't know, but that's not the case we tried, and that's not the case that the jury heard. It appears everybody agrees that in terms of the decision that he was a party to the contract, there's evidence to support it, but the resolution of this jury instruction is what we'll control, because if the court determines it's not, then the case has to be reversed on that. It would have to be. Was there any testimony contrary to what Phil Sporn said? Yes. Mr. Trudeau definitely denied ever saying he was a party to the contract. Apart from that testimony apart from his. No. And under Rule 50, that testimony should be ignored, given the outcome in the case. The bottom line here, and it is a significant case, and the court asked an appropriate question at the start, and that is, what does Illinois law say? And Illinois law says, unequivocally in the appellate courts, the most recent case in the First District and the Fourth District, and there's no other contrary law, says that when an agent takes an active part in breaching the duty of good faith, then that agent is liable on that contract, and that is what Illinois says. None of those cases have changed the land-down decision that this court was interpreting. And so I would posit that the Merrill case, that this court's decision in the Merrill case stands. Judge Leidenwalder's decision to follow it and put in jury instructions based on it was appropriate, and the judgment should be affirmed. Let me ask you this. Do you think an average juror could decipher what some duty means without further context? I think the further. Some duty. Your Honor, I think the further context was that the jury instruction on the duty is the good faith and fair dealing duty, and that's what was argued by both parties. So yes, I think the jury understood that completely. We had a jury instruction that the duty that we're talking about is good faith and fair dealing. I know, but it wasn't attached to this instruction. Like there was no additional language in this instruction. If I'm not mistaken, it was the next instruction, Your Honor. If there's no additional questions. But that next instruction didn't define some duty, did it? It did not define some duty. It defined the standard duty of good faith and fair dealing instruction, Your Honor. And then the parties, the argument that we made and that the defendants made regarding what the duty was, was 100% following that instruction and explaining that that instruction is the duty that we're talking about. So again, I don't think that the jury had any confusion as to what the duty is that we were talking about. With that, I'll cede the rest of my time to the other appellant in the case. Thank you, Mr. Moynihan. Thank you. Mr. Furton. May it please the Court. I'm here to speak about the uninteresting aspect of this case that has not yet been mentioned. I represent third-party defendants. So you two don't want to talk about something that interesting? Well, Your Honor, I was never a proponent of subject matter jurisdiction in the lower court. Doesn't matter. But now that we've prevailed, I do have an interest, and I will tell you that we will file something within the next seven days. Thank you. Your Honor, the district court correctly determined that summary judgment was appropriately granted in favor of third-party defendant, Financial Life Services, also known as FLS, on Avon Capital's promissory estoppel claim. There simply was no evidence upon which a reasonable jury could conclude that FLS made an unambiguous promise to allow Avon to purchase the AXA policy for 110% of the price paid by FLS. Does no one involved here believe in the written word? I mean, it's one of the greatest achievements of the human species, written language. Actually, I agree, and we do. As you'll see in the record, we purchased the AXA policy pursuant to a written purchase agreement that's about nine pages long, small font, single space, and it has a great deal of detail in there, including a merger clause that supersedes all prior negotiations, discussions, and agreements. It also has a prohibition on reliance on intended third-party beneficiaries. It wasn't intended to benefit anybody who wasn't a party, such as, say, Avon Capital, who's not even mentioned in this nine-page single space contract. In fact, my client is very careful about the deals that it does, and it did not do a deal here with Avon Capital. Avon Capital claims that there is this offer letter, that the offer letter somehow constitutes a basis upon which to find an unambiguous promise to support a promissory estoppel claim. I disagree. The offer letter does not even say the word Avon. It was signed by Don Trudeau over the word agent, and it is intended to reflect the policyholder's acceptance of an offer. He was the policyholder's agent. He was not signing on behalf of Avon. He was not receiving an offer, and the language at issue is from the offer letter. It's from a two-sentence section that says repurchase option. Repurchase implies that the seller, and it says seller, shall have a right to repurchase the policy for 110%. Mr. Trudeau's company, Avon, was not the seller. They were not the owner of the policy. They could not have repurchased anything because they didn't have it to begin with in the first place. Moreover, the letter has a number of conditions that were not satisfied. Return of documents by a certain date, execution of a full purchase agreement, which was done, but did not mention anything about this 110% repurchase option, and it also contained the merger clause, which the lower court found to be particularly informative. So there's nothing there. There's no evidence to support a promissory estoppel claim. The district court correctly held as much. The notion that there's an email, post-transaction email, that is somehow informative is itself a red herring. There's nothing about the email that has been submitted to the court that could possibly support the existence of an unambiguous promise. It's authored by somebody whose identity is not clear in the record, Mr. Murray. It's not authenticated. It's not from Financial Life Services. It's not to Avon. It references an individual's policy that has nothing to do with Mr. Philipsborn. It's Ms. Goldberg. It's an incomplete email string. It is inadmissible hearsay, and ultimately Mr. Trudeau concludes the email string by saying, what you've just said is not accurate. And he's saying, well, what I want to do is get a chance to take that email to a jury and let them decide if it indicates a promise, an unambiguous promise. And the answer is no. It indicates nothing substantive. Finally, the district court made some observations along the way in its various rulings that appear in the appellate's appellate brief, and I would submit that is not evidence. The district court's recitation of the party's position is simply not evidence upon which to find promissory estoppel. Thank you. Thank you, Mr. Pertin. Anything further, Mr. Haydack? Very briefly, Your Honors. There was a great question with respect to was the jury confused. I would submit absolutely they were confused, Your Honor. We specifically asked the court even to define what was meant by active part, and we asked the court to define that in conjunction with the ruling in Merrill that that would have to relate to breaching, actively breaching part of a delegated duty. If we were going to end the district court, deny that particular request of ours and submitted the instruction, as we provided to Your Honors. With respect to counsel's argument, he keeps going back to a duty of good faith and fair dealing, and that somehow is going to remedy all the issues. Well, every contract has a good faith duty, a duty of good faith and fair dealing. That's not going to remedy any of the issues. Any party is going to come in and say that's the duty, just like they did in this particular case. Well, that's not the duty. I don't know where that comes from. It's not based on any legal precedent. And I agree with you, Your Honor, there is no case that is on point, even close to on point, in Illinois that holds a corporate representative who signed a contract. Was there a specific definition in the jury instructions of the word duty? That's the question Judge Williams asked. There was not. There was reference to a duty of good faith and fair dealing that exists in all contracts. As it relates to the duty that comes from the act of part and what the court was doing with Merrill, no, absolutely not. So your view is that that instruction that followed on fair dealing was not sufficient to define some duty. Absolutely.  Absolutely, Your Honor. And that goes back to the absurdity argument that I put forth. The duty, any party that's bringing a case is always going to say the corporate representative violated some duty of good faith and fair dealing because the contract was breached. That's why we've told district judges to stop talking that way. The message seems to have some garble in the transmission. And lastly, I think the trust understands that there are some issues because they're trying to, in their brief, even now look to a fraud, to a misrepresentation, to a potential piercing the corporate veil as opposed to the theories. None of those were alleged. None of those were alleged as a claim in this case, Your Honor. I even heard counsel say my client lied about being a manager or a member. Well, then why was there a specific jury instruction that says Donald Trudeau was a manager of Avon Capital LLC and therefore its agent, if that's their position? So I will leave it at that, Your Honor. I appreciate your time. Thank you. Thank you very much. We will look forward to receiving the supplemental jurisdictional filings in a week, and then the case will be taken under advisement. Our second case for argument.